

Michael J. Kuharski
Lonny R. Levitz
Lisa Giovinazzo

Associates:
William Hackwelder

Of Counsel:
Grace A. Acquafredda
David G. Ironman

Office Manager
Andrea DeRosa

**November 26, 2019**

Chambers of Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
(212) 805-0290
Failla_NYSDChambers@nysd.uscourts.gov



*Butler v. Suria* ; 1:17-cv-03077-KPF

To the Court:

As the Court is aware this matter is scheduled for trial on December 2, 2019. Defendant had previously made a motion to have their expert, Kristin Kucsma, M.A., testify out of turn on December 2, 2019, because she was not available to appear in Court on December 3 or December 4. The Court denied defendant's motion.

Kristin Kucsma, M.A., would be able to testify remotely on the morning of December 3, 2019, starting anywhere between 9:00-10:00am. I have contacted my Court Reporting Service and they have advised me that they would be able to set up the video conferencing. I have also received an email from Talena Noriega indicating the Courtroom is equipped with video conferencing equipment. In the alternative, Kristin Kucsma, M.A. would be available to testify Thursday morning.

I contacted the attorney for the plaintiff today and he informed me that he would object to both options.

As such the defendant is requesting that Kristin Kucsma, M.A. be allowed to testify remotely on Tuesday morning or in the alternative allowing Kristin Kucsma, M.A. to testify on Thursday morning.

I appreciate your consideration of defendant's application.

Attorneys for Defendant

_____
Lonny Levitz, for Kuharski, Levitz &
Giovinazzo, Esqs.

Applications DENIED. The current trial schedule is entirely the product of Defendant's request for an adjournment of the prior trial schedule, which request was predicated on a deposition that ultimately was never conducted. (Dkt. #108, 109, 110). More pointedly, Defendant has had more than six weeks since that adjournment to resolve the scheduling issues he now raises, with or without Court intervention, and it is too late in the day to further disturb the Court's calendar or require Plaintiff's counsel to accommodate Defendant's shifting plans for its witnesses.

The Court will not force Plaintiff's counsel to examine Defendant's expert witness remotely at this late stage. Further, the Court does not expect the jury will continue to hear new evidence into Thursday, December 5, 2019. The parties own prediction for the length of trial was three days (Dkt. #82), and the Court will not artificially extend the length of trial on the record before it.

The parties are further advised that any joint request to modify the current schedule for trial must be received on or before 4:00 p.m. on November 27, 2019.

Dated: November 26, 2019
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE