UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| JOHN CHRISTOPHER BUTLER, | |
|---|---|
| Plaintiff, | |
| -v.- | 17 Civ. 3077 (KPF) |
| RAVI SURIA, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Plaintiff-Judgment Creditor John Christopher Butler ("Plaintiff") having obtained a judgment on August 31, 2020, against Defendant-Judgment Debtor Ravi Suria ("Defendant") in the amount of $136,560.82 ($135,000 plus $1,560.82 in prejudgment interest), and post-judgment interest of $10,052.89 from the date of judgment through July 7, 2021 (accruing at $33.29 per day), thereby increasing the judgment amount to $146,613.71 (the "Judgment"), plus ongoing post-judgment interest, and the Court having awarded a turnover order and appointment of a receiver to administer, collect, and sell certain property of Defendant to satisfy the Judgment, it is hereby

ORDERED that Avrum J. Rosen, Esq.[1] (the "Receiver") be and hereby is appointed receiver and authorized to take custody, possession, and control of the Receivership Assets (as defined below), and to take any and all appropriate actions to obtain clear title to the Receivership Assets and to satisfy the Judgment;

---

[1] The Law Offices of Avrum J. Rosen, PLLC, 38 New Street, Huntington, New York 11743, Phone: 631-423-8527, Fax 631-423-4536, arosen@ajrlawny.com.

ORDERED that Defendant shall within 21 days of entry of this Order (i) turn over, convey, and transfer to the Receiver all cash in his possession (including in his Bank of America account), and (ii) provide an inventory of all of the art that he possesses, which inventory states the name of the piece, the artist, the price paid for the artwork and when and from whom it was purchased, the type of art (painting, lithograph, sculpture, etc.), as well as photos of the artwork, dimensions, the location of the artwork and the contact person in possession, custody, or control of the artwork (as specified in his response to information subpoena question number 5) (collectively, the "Art"), in contemplation of further turnover, conveyance, and transfer of such Art to the Receiver; and it is further

ORDERED that Defendant shall deliver the Art within his possession, custody, and control to the Receiver within 21 days of the date of this Order or as otherwise agreed between the Receiver and Defendant's counsel, and execute any and all necessary documents so that the Receiver may have comprehensive access and title to such items so that he may fulfill his obligations as described herein. Defendant shall also fully cooperate with the Receiver in helping him recover any Art not in his direct possession, custody, or control; and it is further

ORDERED that Defendant shall deliver his Tesla Roadster automobile (the "Tesla") to the Receiver and shall transfer whatever title he has to the Receiver, and shall make every effort to obtain the title from any third party who may possess the title, and if Defendant is unable to obtain the title then

Defendant shall fully cooperate with the Receiver to determine whether and in what manner a replacement title may be obtained from the State of New York, all within 21 days of entry of this Order or such additional time as the Receiver shall determine, and shall also provide the Receiver with the following information: the Tesla's registration, original title documents, insurance information, location of all keys, key cards, service history, software passwords and login information, mileage, Tesla Account information and passwords, any documents or evidence of any third party's interest in the Tesla, and recent photos of the Tesla together with the exact location of the Tesla and the person with access to turn over possession of the Tesla to the Receiver's representative, as well as any additional information known to Defendant that is necessary to operate and to sell the Tesla; and it is further

ORDERED that the Receivership Assets shall include the cash, the Art, and the Tesla, and shall also include any other Assets, if any, of Defendant that were not disclosed in the responses to the Information subpoenas served by Plaintiff in this case; and it is further

ORDERED that Defendant shall provide the Receiver with unfettered access to additional Receivership Asset information and documentation as necessary to discharge the Receiver's duties as described in this Order and execute any and all necessary documents so that the Receiver may discharge his duties as described herein; and it is further

ORDERED that the Receiver may take all actions necessary and appropriate to take possession and liquidate the Receivership Assets in

satisfaction of the Judgment, including but not limited to (i) taking physical possession, custody, and control of the Art and Tesla, (ii) having the Art sold at auction by Christie's or such other reputable auction house or gallery, and (iii) and having the Tesla sold by a qualified and appropriate auto auctioneer or dealer; and it is further

ORDERED that the Receiver shall maintain detailed accounting records, and supply to the Court, upon reasonable request, an itemized accounting of any funds received by or on behalf of the Receiver and operating expenses and other disbursements paid or disbursed by or on behalf of the Receiver, and to file such reports of receipts and disbursements as required under this Order; and it is further

ORDERED, that pursuant to Section 202.52 of the Uniform Civil Rules for the Supreme Court and the County Court, (i) the Receiver shall keep a written account for the Receivership Assets subject to the terms of this Order; (ii) the Receiver shall promptly deposit any funds received in his firm's trust account in Citibank N.A.; (iii) the depository shall furnish monthly statements to the Receiver; and (iv) no funds shall be withdrawn from the Receiver's account, and no check thereon shall be honored, except as expressly provided in this Order or otherwise directed by future orders of the Court, and it is further

ORDERED that Defendant and his agents are enjoined and restrained from interfering with the use, management, possession, and control of the Receivership Assets in any way, or otherwise diminishing their value, and shall

permit the Receiver, as receiver, to take physical possession of such; and it is further

ORDERED that Defendant is prohibited from cancelling, modifying, reducing, or otherwise changing any insurance coverage for the Art and Tesla until advised by the Receiver that such policies can be cancelled, except that Defendant shall add the Receiver as an additional insured to said policies within five (5) business days of the entry of this Order; and it is further

ORDERED that the Receiver is subject to and shall comply with all requirements of Part 36 of the New York Civil Practice Law and Rules; and it is further

ORDERED that any payment that is or may be forthcoming with respect to the sale of any Receivership Asset shall be made to the Receiver; and it is further

ORDERED that the Receiver shall cause all funds received in the operation of receivership to be maintained in or channeled through his law firm's trust account to be applied toward satisfaction of the Judgment; and it is further

ORDERED that the Receiver in receiving and taking possession and control of the Receivership Assets, may incur, at the expense of Defendant, and pay in the normal course of business, such reasonable and customary costs and charges, and make such disbursements, as may be actually necessary for obtaining possession, storing, and liquidating the Receivership Assets, preserving and insuring the same, and executing the duties imposed by this

order, and that the Receiver is authorized to retain counsel, if needed, to institute and carry on all legal proceedings necessary for the protection of the Receivership Assets or to recover possession thereof; and it is further

ORDERED that in the event there are insufficient funds on hand with the Receiver to pay the costs associated with marshalling, insuring, and disposing of the Judgment Debtor's Property, the Judgment Creditor shall advance said funds and any amounts so advanced shall be added to the Judgment and incur interest at the judgment rate; and it is further

ORDERED that at such intervals as the Receiver deems appropriate, the Receiver shall apply, upon notice to all parties to this action, to the Court for permission to: (i) pay all the Receiver's expenses incurred in carrying out the responsibilities of the receivership, but not including general office expenses, from the proceeds of the aforesaid sale or other disposition of the Receivership Assets; (ii) receive compensation pursuant to N.Y. CPLR 8004; and (iii) distribution payments to Plaintiff-Judgment Creditor in satisfaction of the Judgment; and it is further

ORDERED that the Receiver shall give an undertaking to the Clerk of Court in the amount of $100 to assure that he will faithfully discharge his duties in his Receiver capacity; and it is further

ORDERED that except for an act of gross negligence or intentional misconduct, the Receiver shall not be liable for any loss or damages incurred by Plaintiff or Defendant, or their agents, servants, partners, employees, contractors, creditors, counsel, or any other persons or entities by reason of

any act performed or omitted to be performed by the Receiver in connection with the discharge of his duties. No individual or entity may sue the Receiver or initiate any action against the Receiver without first obtaining permission of this Court; and it is further

ORDERED that Defendant remains restrained from: (i) disposing of any real or personal property now or hereafter subject to this Order, except to transfer property to the Receiver; and (ii) interfering in any manner with the discharge of the Receiver's duties under this Order, and it is further

ORDERED that the Receiver may at any time apply to this Court for an order or other instructions or powers necessary to enable him to properly fulfill his receivership duties; and it is further

ORDERED that Defendant shall be entitled to receive payment of any surplus of funds after full satisfaction of the Judgment and payment of the Receiver's fees and expenses and shall be responsible for any taxes due based upon any capital or regular gains and shall receive the benefit of any capital or regular losses from the sale of the Receivership Assets, as described herein; and it is further

ORDERED that after the Receivership Assets are liquidated and disbursed in satisfaction of the Judgment, and as described in this Order, the Receiver shall move for termination of this receivership appointment.

SO ORDERED.

Dated: July 6, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge